## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**THOMAS L. D'AQUIN**                                    CIVIL ACTION

**VERSUS**                                                      No. 22-519

**BARRY BERNADAS, ET AL.**                            SECTION I

## ORDER & REASONS

*Pro se* plaintiff, Thomas L. d'Aquin ("d'Aquin"), has filed a complaint[1] and an amended complaint.[2]  Defendant, Mount Carmel Academy of New Orleans ("Mount Carmel"), has filed a motion[3] to dismiss.  Defendant, Eagan Insurance Agency, L.L.C. ("Eagan Insurance"), has also filed a motion[4] to dismiss.  D'Aquin has not opposed the motions.[5]  For the following reasons, the Court grants both motions to dismiss.

## I.

D'Aquin's allegations are difficult to follow.[6]  D'Aquin alleges that he has been a tenant at Bella Zoya Properties for five years, and a staircase at that location has

---

[1] R. Doc. No. 1.

[2] R. Doc. No. 6.  Throughout this order, the Court refers to d'Aquin's complaint and his amended complaint collectively as the "complaint."

[3] R. Doc. No. 22.

[4] R. Doc. No. 23.

[5] Both motions to dismiss were noticed for submission on June 15, 2022 at 9:00 A.M. *See* R. Doc. Nos. 22-2 & 23-2.  D'Aquin did not file any opposition before the noticed date and time.

[6] For the purposes of defendants' motions to dismiss, the Court accepts d'Aquin's allegations as true, and the Court construes them liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal quotation marks and citations omitted).

failed housing inspections by different organizations.[7]  On or about August 4, 2021, d'Aquin alleges that he slipped on the staircase and fell.[8]  D'Aquin maintains that he has suffered "numerous falls going down stairs that are not waterproof or resistant."[9]

D'Aquin claims that defendant Barry Bernadas ("Bernadas")—who appears to be a manager or building superintendent for Bella Zoya Properties—knew about problems with the staircase for years, but Bernadas refused to perform any maintenance, stating that it was "too complicated to fix."[10]  The complaint proceeds to list numerous allegations against Bernadas, including that Bernadas attempted to interfere with d'Aquin's housing voucher and that Bernadas—or someone acting on his behalf—"admitted to hacking into my phone and email."[11]  D'Aquin also alleges that Bernadas formerly worked for the Federal Bureau of Investigation and that Bernadas threatened d'Aquin.[12]

Only one paragraph in the complaint mentions Mount Carmel.  That paragraph states: "Defendants, Eagan Insurance, Barry Bernadas and Defendant

---

[7] R. Doc. No. 1, at 1–2.

[8] *Id*. at 2.

[9] Id. at 4.

[10] *Id*. at 2.

[11] *Id*. at 3.  D'Aquin's complaint repeatedly states that "the defendants" performed certain acts without specifically identifying which particular defendant(s) he is referencing.  *See, e.g.*, R. Doc. No. 1, at 3 ¶ 11 ("some Defendants admitted to hacking into my phone and email.").

[12] *Id*. at 3; R. Doc. No. 6, at 2 ¶ 2 ("[Bernadas] states in many conversations that he trained most of the Defendants FBI, Agents [sic].").

Mount Carmel Academy. Defendant, Barry Bernadas identified as Associates. To the processes and involved with Defendants."[13]

Further, d'Aquin appears to imply that Eagan Insurance procured or provided insurance coverage to Bernadas or Bella Zoya Properties, but the complaint does not explicitly state that allegation.[14] D'Aquin alleges that he contacted Eagan Insurance to file a claim, but he does not explain the basis for his claim.[15] D'Aquin also alleges that he reported Eagan Insurance to the Louisiana Department of Insurance "for not handing [sic] the matter to [Bernadas] claims [sic] correctly."[16] Further, Eagan Insurance allegedly informed Bernadas of d'Aquin's report to the Louisiana Department of Insurance.[17]

D'Aquin's complaint appears to assert a claim for breach of contract, as well as claims pursuant to "the Federal Victims Act of Sexual Assault of 2016,"[18] the

---

[13] *Id.* at 4. As Mount Carmel notes in its motion, *see* R. Doc. No. 22-1, at 2, d'Aquin may have named Mount Carmel as a defendant because Bernadas' child might be a student at that academy. However, the complaint does not explicitly state that allegation. D'Aquin also includes graphic allegations concerning Bernadas' family. *See*, *e.g.*, R. Doc. No. 1, at 2 ¶ 6. But on the present record, those allegations are tangential with respect to Mount Carmel, and the Court need not recite those details to resolve the instant motions.

[14] *See*, *e.g.*, R. Doc. No. 1, at 4 ¶ 21 ("Defendants, Eagan and Employees advised [d'Aquin] to file a claim. Plaintiff filed claimed [sic] but never contacted.").

[15] R. Doc. No. 6, at 1 ¶ 1 ("Plaintiff through anonymous email contacted Defendant Eagan Insurance to start the process of a claim."). After referring to filing a claim with Eagan Insurance, d'Aquin mentions that he has fallen "down stairs that are not waterproof or resistant." *See* R. Doc. No. 1, at 4 ¶ 21.

[16] R. Doc. No. 1, at 4.

[17] *Id.*

[18] R. Doc. No. 1, at 1. D'Aquin perhaps intends to invoke 18 U.S.C. § 3772(a) ("Rights of sexual assault survivors").

3

Electronic Communications Privacy Act, and "the Stored Communications US Code, 7213[.]"[19]

Mount Carmel and Eagan Insurance both move[20] to dismiss d'Aquin's complaint. Mount Carmel contends that d'Aquin "has failed to plead facts to establish a plausible claim against Mount Carmel."[21] Eagan Insurance similarly argues that d'Aquin's "complaint and amended complaint contain no coherent allegations as to Eagan [Insurance]," and it "is unable to discern what, if any, cause or causes of action [d'Aquin] seeks to assert against Eagan [Insurance]."[22]

## II.

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *see Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). If the well-pleaded factual allegations "do not permit the court to infer more than the

---

[19] R. Doc. No. 1, at 1.
[20] R. Doc No. 22 & 23.
[21] R. Doc. No. 22-1, at 5.
[22] R. Doc. No. 23-1, at 3.

mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "[T]he Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-5096, 2011 WL 4352299, at *3 (E.D. La. Sept. 16, 2011) (Vance, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). In assessing a complaint, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

**III.**

**A.**

D'Aquin's complaint mentions Mount Carmel only once.[23]  That single reference appears to state that Mount Carmel is an associate of Bernadas or somehow involved with him.  However, the complaint does not articulate any act or omission that Mount Carmel performed or failed to perform. The complaint lacks basic information—such as names of particular people, dates, or events—explaining Mount Carmel's connection to any dispute with d'Aquin.

D'Aquin's single, vague allegation fails to "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc.*, 544 U.S. at 346 (internal quotations omitted).  Similarly, the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the Court will grant Mount Carmel's motion to dismiss.

**B.**

D'Aquin's complaint is likewise deficient with respect to Eagan Insurance. Although the complaint mentions d'Aquin's attempts to file an insurance claim, d'Aquin again fails to articulate basic information, such as whether Eagan Insurance provided a policy of insurance, what coverage such a policy might provide, or the

---

[23] R. Doc. No. 1, at 4 ¶ 17.

particular injury that d'Aquin believes may entitle him to payment pursuant to an insurance policy. Without such contextual information, d'Aquin does state a plausible claim for relief.[24]

With respect to Eagan Insurance, d'Aquin's complaint again fails to "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc.*, 544 U.S. at 346 (internal quotations omitted). The complaint simply does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Chhim*, 836 F.3d at 469 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court will also grant Eagan Insurance's motion to dismiss.

**IV.**

For all the foregoing reasons,

---

[24] Because d'Aquin proceeds *pro se*, the Court has liberally construed his complaint. *Erickson*, 551 U.S. at 94. Nevertheless, the nature of any claim that d'Aquin intends to assert against Eagan Insurance is unclear. D'Aquin's complaint includes the phrase "breach of contract," *see, e.g.*, R. Doc. No. 1, at 1, and d'Aquin later recounts that he was never contacted regarding an insurance claim he filed. *Id.* at 4. Assuming that d'Aquin seeks to assert a breach of contract claim again Eagan Insurance, "[i]n Louisiana, [such a] claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So.3d 1099, 1108–09 (La. App. 4 Cir. 2011)). Even construed liberally, d'Aquin's complaint does not provided sufficient factual information to ascertain an obligation to perform, a failure to perform the obligation, or damages in connection with Eagan Insurance.

**IT IS ORDERED** that the defendants' motions[25] to dismiss are **GRANTED** without opposition and that Mount Carmel and Eagan Insurance are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 15, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. Nos. 22 & 23.

8