UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS L. D'AQUIN | CIVIL ACTION |
| VERSUS | No. 22-519 |
| BARRY BERNADAS, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] filed by defendants Bella Zoya Properties, LLC, Barry Bernadas, and Blanche Bernadas (collectively, "defendants") to dismiss *pro se* plaintiff Thomas L. d'Aquin's ("d'Aquin") claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or, alternatively, to extend the dispositive motions deadline or to continue the trial date in the above-captioned action.[2] For the reasons below, the Court grants the motion to dismiss.

### I. BACKGROUND

d'Aquin's allegations are discussed in greater detail in this Court's June 15, 2022 order[3] granting defendants Mount Carmel Academy of New Orleans, Inc. and Eagan Insurance Agency, L.L.C.'s Rule 12(b)(6) motions to dismiss.[4] In brief, d'Aquin

---

[1] R. Doc. No. 42.
[2] As of the publication of this order and reasons, d'Aquin has filed no opposition to the defendants' motion.
[3] R. Doc. No. 26. d'Aquin's allegations are difficult to follow. For the purposes of defendant's motion to dismiss, the Court accepts d'Aquin's allegations as true, and the Court construes them liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks and citations omitted)).
[4] R. Doc. Nos. 22 (motion to dismiss filed by Mount Carmel Academy of New Orleans, Inc.) and 23 (motion to dismiss filed by Eagan Insurance Agency, L.L.C.).

alleges that he has been a tenant at Bella Zoya Properties for five years, and a staircase at that location has failed housing inspections by various organizations. On or about August 4, 2021, d'Aquin alleges that he slipped on the staircase and fell. D'Aquin maintains that he has suffered "numerous falls going down stairs that are not waterproof or resistant." d'Aquin's complaint[5] and amended complaint[6] appear to assert claims for breach of contract and for violation of his right to due process, as well as other statutory claims.[7]

## II.   LAW & ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts consider the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708–09 (5th Cir. 1976).

---

[5] R. Doc. No. 1.
[6] R. Doc. No. 6.
[7] As another section of this court has previously noted, d'Aquin has filed upwards of sixteen prior lawsuits in this district since 2015. *d'Aquin v. Giovani*, No. 16-13298, 2017 WL 319013, at *3 n.12 (E.D. La. Jan. 23, 2017) (Vance, J.).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

The last action d'Aquin has taken in the above-captioned case occured on May 14, 2022, when he filed a notice of a change of address.[8] Since that time, d'Aquin has failed to attend a hearing before the Court on August 2, 2022[9] to determine whether several defendants should be dismissed for d'Aquin's failure to serve them—in violation of the Court's order[10]—and he failed to attend a preliminary conference with the Court's case manager on September 8, 2022.[11] Most recently, d'Aquin failed to attend today's scheduled pretrial conference, in violation of the Court's scheduling order.[12] d'Aquin has failed to file a status report, witness and exhibit lists, or a proposed pretrial order, and he has likewise failed to oppose or otherwise respond to

---

[8] R. Doc. No. 12.
[9] *See* R. Doc. No. 28 (noting that "[n]o one [was] present for this matter").
[10] R. Doc. No. 27.
[11] *See* R. Doc. No. 30 (noting "nonattendance by plaintiff").
[12] *Id.*

three separate motions to dismiss.[13] d'Aquin has not argued—nor does the Court find—excusable neglect for his failure to comply with the Federal Rules of Civil Procedure and this Court's orders.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and that the action be and is hereby **DISMISSED**, each party to bear its own costs.

New Orleans, Louisiana, February 14, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. Nos. 22 (motion to dismiss filed by Mount Carmel Academy of New Orleans, Inc.), 23 (motion to dismiss filed by Eagan Insurance Agency, L.L.C.), and 40 (motion to dismiss filed by Penn-America Insurance Company).